# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| vs. | CASE NUMBER:  8:06-cr-210-T-23MAP<br>USM NUMBER:  48429-018 |
| JAMIYL AKRAM<br>   a/k/a "Boss" | Defendant's Attorney:  John Edward Fernandez, cja |

THE DEFENDANT:

 X  pleaded guilty to counts ONE and SEVEN of the Indictment.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C) | Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine | June 13, 2005 | ONE |
| 18 U.S.C. § 922(g) | Possession of a Firearm by a Convicted Felon | August 24, 2005 | SEVEN |

   The defendant is sentenced as provided in pages 2 through 5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

 X  Counts Two, Three, Four, Five, and Six are dismissed in accordance with the plea agreement.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: January 8, 2007

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

DATE: January 9th, 2007

Defendant: JAMIYL AKRAM  Judgment - Page 2 of 5
Case No.: 8:06-cr-210-T-23MAP

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **ONE HUNDRED FORTY-SIX (146) MONTHS.**

The term consists of ONE HUNDRED FORTY-SIX (146) MONTHS as to Count One and ONE HUNDRED TWENTY (120) MONTHS as to Count Seven; both terms to run concurrently.

_X_ The court makes the following recommendations to the Bureau of Prisons: confinement at FCI Coleman, Florida

_X_ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district.

   ___ at ___ a.m./p.m. on ___.
   ___ as notified by the United States Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

   ___ before 2 p.m. on ___.
   ___ as notified by the United States Marshal.
   ___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

___ at _____, with a certified copy of this judgment.

_____
United States Marshal

By:_____
Deputy United States Marshal

Defendant: JAMIYL AKRAM  
Case No.: 8:06-cr-210-T-23MAP  
Judgment - Page 3 of 5

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THIRTY-SIX (36) MONTHS** as to Counts One and Seven of the Indictment, both terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

__X__ The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Based on the probation officer's determination that additional drug urinalysis is necessary, the Court authorizes random drug testing not to exceed 104 tests per year.

__X__ The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| Defendant: | JAMIYL AKRAM | Judgment - Page 4 of 5 |
|---|---|---|
| Case No.: | 8:06-cr-210-T-23MAP | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| Totals: | $200.00 | $ waived | $ |

__ The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

__ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Totals: | $ | $ | |

_ Restitution amount ordered pursuant to plea agreement $ _____.

_ The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

_ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   _ the interest requirement is waived for the ___ fine ___ restitution.

   _ the interest requirement for the ___ fine ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

Defendant:   JAMIYL AKRAM                                                    Judgment - Page  5  of  5 
Case No.:    8:06-cr-210-T-23MAP

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.   **X**   Lump sum payment of $ **200.00** due immediately, balance due

        ___ not later than _____, or

        ___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B.   ___   Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C.   ___   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.   ___   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.   ___   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.   ___   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

___   Joint and Several

       Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

___   The defendant shall pay the cost of prosecution.

___   The defendant shall pay the following court cost(s):

**X**   The defendant shall forfeit the defendant's interest in the following property to the United States:

       1997 Chevrolet Tahoe, VIN# 1GNEC13ROVJ306721; a Taurus .45 caliber pistol, Model Millineum; a Walther PPK 9 mm pistol; and assorted 9 mm, .45 caliber, and .380 caliber ammunition, pursuant to the attached Preliminary Order of Forfeiture (Doc. 56).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Case No. 8:06-cr-210-T-23MAP |
| JAMIYL AKRAM and LASHAWN VEREEN, | : |
| Defendant. | : |

## PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE comes before the Court upon the filing of the Motion of the United States of America for Entry of a Preliminary Order of Forfeiture, which, at sentencing, shall be a final order of forfeiture as to defendants Jamiyl Akram and Lashawn Vereen's interest in property subject to forfeiture. The Court, being fully advised in the premises, hereby finds that the United States has established the requisite *nexus* between the assets described below, the conspiracy to possess with intent to distribute to which defendants Jamiyl Akram and Lashawn Vereen plead guilty pursuant to 21 U.S.C. § 846, as charged in Count One of the Indictment, and the possession of a firearm by a person convicted of a felony punishable by imprisonment exceeding one year and effecting interstate commerce which defendant Jamiyl Akram plead guilty pursuant to 18 U.S.C 992(g) as charged in Count Seven of the Indictment:

      a.    1997 Chevrolet Tahoe, VIN # 1GNEC13R0VJ306721;

      b.    A Taurus .45 claiber pistol, Model Millineum;

      c.    A walther PPK 9 mm pistol; and

      d.    Assorted 9 mm, .45 caliber, and .380 caliber ammunition.

Accordingly, the assets are subject to forfeiture pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

The court further finds that the vehicle was proceeds of the drug trafficking activity and was used as facilitating property that defendants Jamiyl Akram and Lashawn Vereen used to conspire and possess with intent to distribute. The court also finds that the firearms and ammunition were facilitating property that defendant Jamiyl Akram used to facilitate the drug activity and being a person convicted of a crime punishable by imprisonment for a term exceeding one year, in possession of a firearm affecting interstate commerce.

Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that the United States' motion is GRANTED.

It is further **ORDERED** that all right, title, and interest of defendants Jamiyl Akram and Lashawn Vereen in the following assets are hereby CONDEMNED and FORFEITED to the United States of America for disposition according to law, pursuant to the provisions of 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 18 U.S.C. § 2461(c):

      a.    1997 Chevrolet Tahoe, VIN # 1GNEC13R0VJ306721;

      b.    A Taurus .45 claiber pistol, Model Millineum;

      c.    A walther PPK 9 mm pistol; and

      d.    Assorted 9 mm, .45 caliber, and .380 caliber ammunition.

The Court shall retain jurisdiction to enter any orders necessary for the forfeiture and disposition of this asset, and to entertain any third party claims that may be asserted in the ancillary proceedings.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this \_\_\_6th\_\_\_ day of \_\_\_October\_\_\_, 2006.

_____
HON. STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

Copies to:  Tonya L. Shotwell, AUSA
            Attorneys of Record